UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| SUSAN TURLEY and RICHARD TURLEY, ) ) ) | |
| Plaintiffs, ) ) | |
| ) | Civil Action No. CV-08-S-398-NE |
| vs. ) ) | |
| VENTURE LOGISTICS, INC., ) ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs, Susan and Richard Turley, filed this diversity jurisdiction action on March 6, 2008, asserting claims of negligence, wantonness, negligent and wanton entrustment, and negligent hiring, training, and supervision against defendant Venture Logistics, Inc. ("Venture").[1] All of plaintiffs' claims arise out of injuries they received when an automobile operated by Susan Turley, and occupied by Richard Turley, collided with a commercial motor vehicle owned by Venture and operated by a Venture employee. The case currently is before the court on defendant's motion for partial summary judgment[2] and defendant's motion to strike certain portions of

---

[1]*See* doc. no. 1 (Complaint). Federal jurisdiction is premised upon satisfaction of the requirements of the diversity statute, 28 U.S.C. § 1332. Plaintiffs both are Alabama citizens, defendant is a corporate citizen of Indiana, and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . .").

[2]Doc. no. 22.

plaintiffs' brief and evidence.[3]  Upon consideration of the motion for partial summary judgment, the parties' briefs, and the evidentiary submissions, the court concludes the motion should be granted in part and denied in part.  The motion to strike will be denied.

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).[4]  "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

> In making this determination, the court must review all evidence and make all reasonable inferences in favor of the party opposing summary judgment.

---

[3]Doc. no. 28.

[4]Rule 56 was recently amended in conjunction with a general overhaul of the Federal Rules of Civil Procedure.  The Advisory Committee was careful to note, however, that the changes "are intended to be *stylistic only*." Adv. Comm. Notes to Fed. R. Civ. P. 56 (2007 Amends.) (emphasis supplied).  Consequently, cases interpreting the previous version of Rule 56 are equally applicable to the revised version.

> The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case.  The relevant rules of substantive law dictate the materiality of a disputed fact.  A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable [factfinder] to return a verdict in its favor.

*Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (*en banc*) (internal quotations and citation omitted).

## II.  STATEMENT OF FACTS

Defendant, Venture Logistics, Inc., is a commercial trucking company in the business of transporting automotive parts used in the manufacturing of Isuzu and Subaru vehicles.[5]  During all relevant times, Darrell Downing was employed by Venture to operate a tractor-trailer truck rig.[6]

On August 10, 2007, plaintiff Susan Turley was driving her husband's Chevrolet Tahoe vehicle in the northbound lane of Interstate 65 near Athens, Alabama.  Her husband, plaintiff Richard Turley, was riding in the front passenger seat.[7]  At the same time, Downing also was driving a Venture tractor-trailer truck rig ("the truck") in the northbound lane of Interstate 65.  Mrs. Turley first saw the truck

---

[5] Doc. no. 24 (defendant's evidentiary submission), Tab 2 (Deposition of Daniel J. Frieden), at 11-12.

[6] *Id.* at 18.

[7] Defendant's evidentiary submission, Tab 4 (Deposition of Susan Turley), at 28-29; Tab 5 (Deposition of Richard Turley), at 27-29.

when it was approximately one hundred yards ahead of her. She was in the left-hand lane, and the truck was in the right-hand lane.[8] Shortly thereafter, the truck started to move over into the left-hand lane and almost hit a car that was traveling beside it in that lane.[9] The truck then moved back over into the right-hand lane, and Mrs. Turley applied her brakes to slow down and keep from passing the truck because she did not know whether the truck would stay in its own lane.[10] The truck drove normally for approximately the next one or two miles, and Mrs. Turley decided to pass it on the left side. She accelerated to a speed of approximately sixty-five or seventy miles per hour and began to pass.[11] As Mrs. Turley's vehicle became level with the rear tires of the trailer, the truck quickly veered into her lane. In response, Mrs. Turley veered off the road and hit her brakes to avoid being hit by the truck.[12]

---

[8]Susan Turley Deposition, at 31. The truck actually bore the logo for Oliver Trucking. Doc. no. 25 (plaintiffs' response to defendant's motion for summary judgment), Exhibit E (Deposition of Beth Brannon), at 32, 39. Venture purchased Oliver Trucking in 2006. Frieden Deposition, at 14. There is no dispute that the tractor-trailer truck rig in question was owned by Venture, and was being operated by Downing, during all relevant time periods.
　　Plaintiffs insist that there is other testimony establishing that the Turleys' vehicle actually was in the right-hand lane when the truck first came into view. *See* Richard Turley Deposition, at 31-33; plaintiffs' evidentiary submission, Exhibit A (Deposition of Brian Smith), at 14-16. Even if taken as true, however, this testimony does not create a disputed issue of *material* fact. Whether Mrs. Turley was driving in the right lane or left lane when she first saw the truck is not material to the issue of whether Downing behaved wantonly in driving the truck. It is undisputed that Mrs. Turley was driving in the left lane when her vehicle left the roadway and crashed.

[9]Susan Turley Deposition, at 32.
[10]*Id.* at 32-33.
[11]*Id.* at 33-35.
[12]*Id.* at 37-38.

Mrs. Turley attempted to steer her vehicle back onto the roadway, but the vehicle fish-tailed, and she lost control of it.  The vehicle spun around and off the highway, slammed into the median, began to roll, and eventually came to rest on its side.[13]

There is no evidence that the truck ever came into contact with the Turleys' vehicle.[14]  Further, neither Mr. nor Mrs. Turley saw Downing at any time while he was driving the truck.[15]

Downing testified that he never saw the Turleys' vehicle, that he was not aware of a vehicle behind him losing control and rolling over, and that he was not aware of any other vehicles trying to flag him down to pull him over.[16]  In short, Downing claims he does not know anything about the Turleys' wreck.[17]

### III.  DISCUSSION

**A.     Motion to Strike**

Defendant requests the court to strike "all references from Plaintiffs' Brief in Opposition of Partial Summary Judgment that constitute mere speculation and

---

[13]*Id.* at 38-41.

[14]Shelly Smith, a passenger in the car that was traveling directly behind the Turleys', testified that, immediately after the wreck, she thought the truck had hit the Turleys' vehicle.  In retrospect, however, she realized that the truck probably did not make contact with the Turleys' vehicle. Plaintiffs' evidentiary submission, Exhibit B (Deposition of Shelly Smith), at 11, 14.

[15]Susan Turley Deposition, at 36; Richard Turley Deposition, at 46.

[16]Defendant's evidentiary submission, Tab 3 (Deposition of Darrell Downing), at 59-60.

[17]*Id.* at 33.

conjecture, or are immaterial to the issue of wantonness."[18] The court agrees with defendant that some of the arguments plaintiffs raise are speculative, and that some of the evidence plaintiffs address is not material to the issue of whether defendant can be held liable for wantonness. Even so, those deficiencies should not be corrected by striking the offending portions of the brief and evidence from the record. The court is fully capable of distinguishing speculation from valid argument, and material evidence from immaterial. If the court determines that any argument plaintiffs make is mere speculation, or that any evidence plaintiffs present is immaterial to the issues at hand, it will treat those arguments and evidence accordingly. The motion to strike will be denied.

**B.   Abandonment of Claims for Negligent and Wanton Entrustment, and Negligent Hiring, Training, and Supervision**

At the summary judgment stage, plaintiffs have effectively abandoned their claims for negligent and wanton entrustment, and negligent hiring, training, and supervision.[19] Plaintiffs offered no response to defendant's well-supported arguments that summary judgment should be granted on those claims. Issues and contentions not raised in a party's brief are deemed abandoned. *See, e.g.*, *Chapman,* 229 F.3d at 1027 ("Parties opposing summary judgment are appropriately charged with the

---

[18]Doc. no. 28 (motion to strike), at 1.

[19]Counts Three and Four, respectively, of the Complaint.

responsibility of marshaling and presenting their evidence before summary judgment is granted, not afterwards."); *Road Sprinkler Fitters Local Union No. 669 v. Independent Sprinkler Corp.*, 10 F.3d 1563, 1568 (11th Cir. 1994) (holding that a district court can "properly treat as abandoned a claim alleged in the complaint but not even raised as a ground for summary judgment") (citing *Lazzara v. Howard A. Esser, Inc.*, 802 F.2d 260, 269 (7th Cir. 1986) (holding that a ground not pressed in opposition to a motion for summary judgment is to be treated by the district court as abandoned)).

> In opposing a motion for summary judgment, a party may not rely on his pleadings to avoid judgment against him. There is no burden on the district court to distill every potential argument that could be made based upon the materials before it on summary judgment. Rather, the onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned. . . .

*Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) (citations and internal quotation marks omitted).

**C.  Wantonness Claim**

Defendant argues that summary judgment is due to be granted on plaintiffs' remaining claim, for wantonness, because there is no evidence to support that claim.

Wantonness is defined by the Alabama Code as "[c]onduct which is carried on with a reckless or conscious disregard of the rights or safety of others." Ala. Code.

§ 6-11-20(b)(3) (1975).  What constitutes wanton misconduct depends on the facts presented in each case.  *Tolbert v. Tolbert*, 903 So. 2d 103, 114 (Ala. 2004) (citing *Central Alabama Electric Cooperative v. Tapley*, 546 So. 2d 371 (Ala. 1989)).  In all situations, however, wantonness "requires some degree of consciousness on the part of the defendant that injury is likely to result from his act or omission." *Tolbert*, 903 So. 2d at 114.  *See also Lynn Strickland Sales & Service, Inc. v. Aero-Lane Fabricators, Inc.*, 510 So. 2d 142, 145-46 (Ala. 1987) ("Wilfulness or wantonness imports . . . knowledge and consciousness that the injury is likely to result from the act done or from the omission to act, and strictly speaking, is not within the meaning of the term 'negligence,' which conveys the idea of inadvertence."), *overruled on other grounds by Alfa Mutual Insurance Co. v. Roush*, 723 So. 2d 1250, 1256 (Ala. 1998).

Stated slightly differently, wantonness grows out of a person's purposeful — as opposed to an unintentional — breach of a duty imposed by law.  On the other hand, "[t]o prove wantonness, it is not essential to prove that the defendant entertained a specific design or intent to injure the plaintiff." *Roush*, 723 So. 2d at 1256.  It is the conscious *doing of an act*, with callous disregard of the *understood risk* of injury to others, that defines wanton conduct.  *See Monroe v. Brown*, 307 F. Supp. 2d 1268, 1271 (M.D. Ala. 2004) ("To survive summary judgment, then, Mr.

8

Monroe must establish a genuine issue of fact as to whether Brown (1) acted consciously when he attempted to drive through the intersection before the light changed from yellow to red; and (2) was conscious, based on existing conditions, that injury was a likely or probably [*sic*] result of his actions.").

Here, therefore, plaintiffs are not required to show that Downing intended to cause harm to the Turleys by swerving over into their lane. Plaintiffs do have to show, however, that Downing acted consciously when he suddenly moved the truck into the lane in which Mrs. Turley was driving, *and* that Downing knew that the Turleys would likely or probably be injured as a result of his actions. The court concludes that genuine issues of material fact exist on both of these points. A reasonable jury could conclude, based on the evidence, including Downing's actions both before and after the Turleys' wreck, that Downing was conscious of the truck swerving into the left-hand lane. A reasonable jury also could conclude that Downing either knew the Turleys were in the left-hand lane, or that Downing failed to check for cars in that lane. If Downing knew that another car was in the left lane, or if he failed to check for cars in that lane, he should have realized that someone would probably get hurt if his truck moved into that lane.

Because genuine issues of material fact exist with regard to plaintiff's wantonness claim, defendant's motion for summary judgment on that claim is due to

be denied, and the claim will be submitted to a jury.

## IV. CONCLUSION AND ORDER

In accordance with the foregoing, defendant's motion to strike is DENIED. Defendant's motion for partial summary judgment is GRANTED in part and DENIED in part. Plaintiffs' claims for negligent and wanton entrustment, and negligent hiring, training, and supervision (Counts III, and IV of the Complaint) are DISMISSED with prejudice. Plaintiffs' negligence and wantonness claims (Counts I and II of the Complaint) remain. A pre-trial conference and jury trial addressing those claims will be set by separate order.

DONE this 20th day of August, 2009.

_____
United States District Judge