


**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

**SUSAN TURLEY and RICHARD TURLEY,**

**Plaintiffs,**

**vs.**

**VENTURE LOGISTICS, INC.,**

**Defendant.**

**Civil Action No. CV-08-S-398-NE**

## MEMORANDUM OPINION AND ORDER

This case is before the court on defendant's motion in limine.[1] Upon review of the motion, plaintiffs' response,[2] and defendant's reply,[3] it is apparent that there no longer remains a controversy with regard to the points raised in paragraphs one, two, three, six, eight, nine, and thirteen of the motion in limine.[4] Further, with regard

[1]Doc. no. 36.

[2]Doc. no. 41.

[3]Doc. no. 42.

[4]*See* doc. no. 41 (plaintiffs' response to defendant's motion in limine), at ¶¶ 1, 2, 3, 6, 8, 9, 13; doc. no. 42 (defendant's reply to plaintiff's response to motion in limine), at ¶¶ 1, 2, 3, 6, 8, 9, 13.

to the points raised in paragraphs five[5], twenty,[6] and twenty-three[7] of defendant's motion, the court concludes that those issues would be more appropriately addressed as they arise, in context, during the course of the trial.

In paragraph 4 of the motion in limine, defendant requests that "no party or their attorneys offer any deposition testimony into evidence until such deposition is presented to the court outside the presence of the jury so that appropriate objections can be made and ruled upon."[8] The court concludes that, except to the extent that the proposed deposition is addressed by other portions of the motion in limine, the admissibility and suitability of the deposition testimony should be evaluated in context, during the course of the trial. Accordingly, this aspect of defendant's motion is overruled and denied, and the evidence will not be excluded by motion in limine.

In paragraph 7 of the motion in limine, defendant requests that "any witness who has not previously been designated as an expert in this case be precluded from

---

[5]In paragraph 5, defendant requests that "all parties, witnesses and attorneys be prohibited from referring to any criticisms of this defendant that are not set forth in particularity in the complaint or that are unsupported by qualified expert testimony." Doc. no. 36, at ¶ 5.

[6]In paragraph 20, defendant seeks exclusion of "any medical/surgical instruments or medical illustrations to depict Plaintiffs' treatment without the required supporting expert testimony ensuring any such devices and illustrations are actually representative of the Plaintiffs' alleged treatment." *Id.* at ¶ 20.

[7]In paragraph 23 of the motion in limine, defendant seeks to exclude any testimony "by witnesses speculating about Mr. Downing's physical condition at the time of the subject accident." Doc. no. 36, at ¶ 23.

[8]Doc. no. 36, at ¶ 4.

offering any opinion testimony."[9] Plaintiffs acknowledge that they have not retained any expert witnesses to testify at trial. They do, however, intend to present the testimony of several eyewitness, as well as the testimony of plaintiffs' treating physicians.[10] According to plaintiffs, some of these witnesses may present testimony based upon their personal observations. All such testimony will be allowed pursuant to Federal Rule of Evidence 701, which states that,

> [i]f the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701. However, none of these lay witnesses will be permitted to offer "expert" opinion testimony pursuant to Federal Rule of Evidence 702.

The issues addressed in paragraphs 10 and 11 of the motion in limine are similar. In paragraph 10, defendant asserts that

> the parties, witnesses and attorneys should be precluded from making any statement or offering any evidence regarding Mr. Downing's driver qualification file and training records previously produced in this matter, along with any other documents relating to the plaintiff's initial claims for negligent and/or wanton entrustment, hiring, training and

---

[9] *Id.* at ¶ 7.

[10] *See* doc. no. 41, at ¶ 7.

supervision.[11]

In paragraph 11, defendant requests that "all parties, witnesses and attorneys be precluded from making any statement or offering any evidence regarding Darrell Downing's driving record, including, but not limited to, any driving infractions, alleged log book violations, accidents or incidents before, or after the accident made the basis of this lawsuit."[12] Defendant claims that the evidence addressed in paragraphs 10 and 11 could only be relevant to claims for negligent or wanton entrustment, and negligent hiring, training, and supervision — all of which are no longer at issue in this case.[13] Plaintiffs claim, however, that the evidence addressed in paragraphs 10 and 11 of the motion in limine would be relevant to the other claims they asserted, for negligence and wantonness. For example, plaintiffs

> intend to offer evidence relating to Mr. Downing's driver qualification file to establish a historical background of his employment with Venture Logistics such as date of hire and previous employment. This information will show that Mr. Downing was hired shortly before the Turley accident. In addition, his driver qualification file and employment file will show that Venture Logistics failed to investigate the accident and failed to discipline Mr. Downing for the conduct that caused the accident all of which is relevant and material to plaintiffs' wantonness claim, particularly plaintiffs' damages argument.[14]

---

[11]Doc. no. 36, at ¶ 10.

[12]*Id.* at ¶ 11.

[13]*See* doc. no. 33 (memorandum opinion and order on motion for summary judgment), at 6-7 (holding that plaintiffs had abandoned their claims for negligent and wanton entrustment, and negligent hiring, training, and supervision).

[14]Doc. no. 41, at ¶ 10.

Plaintiffs also state that they

> intend to offer evidence of a pattern and practice of Downing's violations of safety regulations to establish Mr. Downing's habit of falsifying records and a pattern of safety violations on behalf of Mr. Downing. In addition, plaintiffs intend to offer evidence that Downing's testimony indicates his location is at odds with where the satellite tracking devise [sic] in his truck shows his location to be and where his fuel purchase records reveal he is. This goes to plaintiffs' support of driving fatigue and to impeach Downing's credibility and honesty.[15]

Plaintiffs have failed to demonstrate how the items of evidence addressed in paragraphs 10 and 11 of the motion in limine are relevant to claims for negligence and wantonness. Neither Mr. Downing's hire date, nor Venture Logistics' response to the accident at issue, nor Downing's history of safety violations or falsifying records, is relevant to the issue of whether Downing acted negligently and/or wantonly in causing the accident, and any testimony on those matters would be unduly prejudicial to defendant under Federal Rule of Evidence 403. Accordingly, plaintiffs will be prohibited from introducing any evidence regarding Downing's driver qualification file, training records, driving record, or log book violations.

In paragraph 12 of the motion in limine, defendant seeks to exclude "[a]ny reference to future surgeries or treatment not supported by medical testimony" because any such testimony would be mere speculation.[16] *See Industrial Chemical*

[15]*Id.* at ¶ 11.

[16]Doc. no. 36, at ¶ 12.

*& Fiberglass Corp. v. Chandler,* 547 So. 2d 813, 820 (Ala. 1988) ("Damages can be awarded only where they are reasonably certain and not based upon speculation."). The court does not agree with defendant that any of the referenced testimony is merely speculative. Dr. Lauren Savage, Mrs. Turley's treating physician, testified in his deposition that there was approximately a thirty-five percent chance that Mrs. Turley would need surgery in the future. That testimony is not mere speculation; it is Dr. Savage's medical opinion as to the likelihood of Mrs. Turley's need for future treatment. As long as any references to future surgeries or other medical treatment are properly supported by medical testimony, the jury is free to weigh a doctor's assessment of the likelihood of future treatment in assessing damages, if any. Accordingly, the evidence referenced in paragraph 12 of the motion in limine will not be excluded.

In paragraph 14 of the motion in limine, defendant seeks to exclude evidence of medical expenses "other than those that have been paid out-of-pocket or that plaintiffs prove they are legally obligated to pay."[17] According to defendant, most of plaintiffs' medical bills "resulting from this accident have been covered by their health insurance and the plaintiffs have no obligation to repay those sums as Blue

[17]Doc. no. 36, at ¶ 14.

Cross Blue Shield of Alabama's medical lien has been paid by the defendant."[18] Plaintiffs, however, argue that evidence of their total medical bills is admissible to show the severity of their injuries.[19] The court agrees with plaintiffs.

Alabama Pattern Jury Instruction 11.09 states that

> The measure of damages for medical expenses is all reasonable expenses necessarily incurred for doctors' and medical bills which the plaintiff has paid or become obligated to pay *[and the amount of the reasonable expenses of medical care, treatment and services reasonably certain to be required in the future]*. The reasonableness of, and the necessity for, such expenses are matters for your determination from the evidence.

Alabama Pattern Jury Instructions – Civil (2d ed.) § 11.09 (emphasis in original). Furthermore, Alabama Code § 12-21-45(a) states:

> In all civil actions where damages for any medical or hospital expenses are claimed and are legally recoverable for personal injury or death, evidence that the plaintiff's medical or hospital expenses have been or will be paid or reimbursed shall be admissible as competent evidence. In such actions upon admission of evidence respecting reimbursement or payment of medical or hospital expenses, the plaintiff shall be entitled to introduce evidence of the cost of obtaining reimbursement or payment of medical or hospital expenses.

Defendant correctly points out that the primary purpose behind both of these provisions is to prevent a plaintiff from obtaining a double recovery. In other words, if a plaintiff is not actually obligated to pay certain medical expenses, then the

---

[18] *Id.*

[19] Doc. no. 41, at ¶14.

plaintiff cannot recover those expenses from the defendant. Additionally, if a plaintiff has been reimbursed for his medical expenses from a third-party source (such as a medical insurance provider), he cannot also recover the same expenses from the defendant. Therefore, it is true that the plaintiffs in this case would not be able to actually *recover* for any medical expenses that they neither paid nor became obligated to pay, or for expenses that were covered by a third party. It does not follow, however, that plaintiffs should not be allowed to present *any evidence* of the expenses they have incurred. That evidence would be relevant, as plaintiffs point out, to prove the *extent* of their injuries, and the possibility of a double recovery can be prevented by an appropriate instruction to the jury. Accordingly, the evidence addressed in paragraph 14 of the motion in limine will not be excluded.

In paragraph 15 of the motion in limine, defendant seeks to exclude evidence "regarding the reasonableness of plaintiffs' medical bills and expenses if the statement or evidence is unsupported by expert testimony."[20] Plaintiffs respond that they do intend to offer evidence concerning the reasonableness of their medical bills, including the testimony of their treating physicians and the custodian of billing and medical records for each medical provider.[21] Defendant's only remaining objection

[20]Doc. no. 36, at ¶ 15.

[21]*See* doc. no. 41, at ¶ 15.

is a repetition of paragraph 14 of the motion in limine, *i.e.,* that plaintiffs should not be allowed to present evidence of any bills that have been satisfied or that they are not obligated to pay.[22] For the reasons stated in the previous paragraph, that objection is without merit. Accordingly, the evidence at issue in paragraph 15 of the motion in limine will not be excluded.

In paragraph 16 of the motion in limine, defendant seeks to exclude "any statement regarding an alleged requirement for alcohol or drug testing on this defendant's driver following the subject accident," because any such evidence would be "irrelevant to the accident, not supported by law and will be highly prejudicial to the defendant."[23] In response, plaintiffs assert that "the defendant should have tested the defendant driver for alcohol and drugs following the accident made the basis of this lawsuit," and that the "failure to perform such tests or conduct any investigation is additional evidence of alleged negligence and wantonness on behalf of the defendant."[24] Plaintiffs forget, however, that there are no longer any claims for negligent entrustment, hiring, training, or supervision in this case. Plaintiffs no longer are pursuing any claim based directly upon defendant's actions. Instead, plaintiffs' only claim against defendant is based upon vicarious liability for the

[22] *See* doc. no. 42, at ¶ 15.

[23] Doc. no. 36, at ¶ 16.

[24] Doc. no. 41, at ¶ 16.

actions of Darrell Downing, the driver of the truck that collided with plaintiffs' vehicle. Therefore, no evidence regarding defendant's failure to conduct drug testing on Mr. Downing after the accident is relevant to plaintiffs' remaining claims, and any such evidence will be excluded.

In paragraph 17 of the motion in limine, defendant requests preclusion of "any evidence concerning Venture's investigation into the subject accident and any decisions made by it regarding the Department of Transportation's requirement it be designated as preventable or not."[25] Plaintiffs maintain that

> [e]vidence concerning Venture Logistics' investigation of this accident and its failure to determine the preventable nature of the accident will be offered to prove that the defendant refuses to comply with the Federal Motor Carrier Safety Regulations and that Venture Logistics has yet to accept responsibility for this clear liability wreck.[26]

Again, plaintiffs' only remaining claim against defendant is based upon defendant's vicarious liability for Downing's actions, not upon defendant's own negligence or wantonness. Therefore, evidence concerning whether defendant properly investigated the accident or "accepted responsibility" for it is irrelevant to any of plaintiffs' remaining claims, and it will be excluded.

In paragraph 18 of the motion in limine, defendant seeks to exclude evidence

---

[25]Doc. no. 36, at ¶ 17.

[26]Doc. no. 41, at ¶ 17.

of a monetary amount for property damage to plaintiffs' vehicle, because plaintiffs already have been compensated for the damage to their vehicle.[27] Plaintiffs do not claim to be entitled to damages for which they already have been compensated, but they do seek damages for several items for which they have *not* been compensated.[28] Defendant does not object to the presentation of evidence related to property damage for which plaintiffs have not already been compensated.[29] Accordingly, plaintiffs will not be allowed to present evidence regarding compensation for property damage for which they already have been compensated, but they *will* be allowed to present evidence regarding compensation for property damage for which they have *not* already been compensated.

In paragraph 19 of the motion in limine, defendant seeks to exclude "evidence concerning a request made by plaintiffs' counsel to Venture for the preservation of certain documents prior to the commencement of this litigation."[30] Plaintiffs claim that they requested defendant to preserve Darrell Downing's driving logs for the six-month period surrounding the accident, but that the logs were nonetheless destroyed.[31] While that behavior, if true, would not be commendable, it is

[27] *See* doc. no. 36, at ¶ 18.
[28] *See* doc. no. 41, at ¶ 18.
[29] *See* doc. no. 42, at ¶ 18.
[30] Doc. no. 36, at ¶ 19.
[31] Doc. no. 41, at ¶ 19.

nonetheless irrelevant to any of plaintiffs' claims. Plaintiffs have not asserted a claim for spoliation of evidence, and the destruction of evidence does not have any relevance to defendant's potential liability for Darrell Downing's alleged negligence and/or wantonness. Accordingly, the motion in limine will be granted with regard to paragraph 19, and all evidence concerning a request for preservation of evidence will be excluded.

In paragraph 21 of the motion in limine, defendant seeks to exclude "evidence about what took place **after** the subject accident to establish a claim that Mr. Downing knew the accident happened," as well as "[a]ny testimony amounting to speculation and conjecture of accident witnesses."[32] In paragraph 22 of the motion in limine, defendant seeks to exclude all evidence "concerning Mr. Downing's driving **after** the subject accident as it is irrelevant, [and] has no bearing on plaintiffs' burden of proof for the negligence and wantonness claims."[33] The court has already held, in the opinion addressing defendant's motion for partial summary judgment, that evidence of Downing's actions both before *and* after the wreck is relevant to plaintiffs' wantonness claim.[34] Accordingly, the motion in limine will be denied with

[32]Doc. no. 36, at ¶ 21 (emphasis in original).

[33]Doc. no. 36, at ¶ 22 (emphasis in original).

[34]*See* doc. no. 33 (Memorandum Opinion and Order), at 9 ("A reasonable jury could conclude, based on the evidence, *including Downing's actions both before and after the Turleys' wreck*, that Downing was conscious of the truck swerving into the left-hand lane.") (emphasis supplied).

regard to paragraphs 21 and 22, and the court will not exclude all evidence of events occurring after the accident in question. If the testimony of any witness amounts to mere speculation or conjecture, the court will address those issues as the evidence is presented during the course of the trial.

In conclusion, defendant's motion in limine is GRANTED in part and DENIED in part. The motion is DENIED as moot with regard to the issues raised in paragraphs one, two, three, six, eight, nine, and thirteen. The motion is DENIED with regard to the issues raised in paragraphs four, five, twelve, fourteen, fifteen, twenty, twenty-one, twenty-two, and twenty-three. The motion is GRANTED with regard to the issues raised in paragraphs ten, eleven, sixteen, seventeen, and nineteen. With regard to the issues raised in paragraph seven, it is ORDERED that no witness will be allowed to present testimony that could only be given by a properly qualified expert witness, but that lay witnesses will be allowed to testify consistent with Federal Rule of Evidence 701. With regard to the issues raised in paragraph eighteen, it is ORDERED that plaintiffs may not present evidence regarding compensation for property damage for which they already have been compensated, but they may present evidence regarding compensation for property damage for which they have *not* already been compensated.

DONE this 5th day of November, 2009.

United States District Judge